## Case No. 940.

### BANK OF THE UNITED STATES v. WASHINGTON.

[3 Cranch, C. C. 295.][1]

Circuit Court, District of Columbia. May Term, 1828.

BANKING—PAYMENT OF CHECK—EVIDENCE OF FUNDS—WITNESS—PRIVILEGE.

1. Payment of a check by a bank is prima facie evidence of funds, and that the apparent

[1] [Reported by Hon. William Cranch, Chief Judge.]

state of the funds upon the books of the bank justified the payment; and it is incumbent upon the bank to prove the error if there was any.

[See Bank of Alexandria v. McCrea, Case No. 849; Bank of U. S. v. Wilson, Id. 943.]

2. A bookkeeper of a bank is not obliged to answer a question, the answer to which, might charge himself with the loss.

At law. Assumpsit [by the Bank of the United States against George C. Washington] for money had and received by an overdraft paid by the bank by mistake, owing to wrong addition. The plaintiffs proved all the debit side of their account which consisted of checks drawn by the defendant and paid by the plaintiffs. They proved also that it was their usual practice to pay according to the apparent funds in their leger without examining further into the actual state of the funds.

THE COURT was of opinion that the payment of the checks by the bank is prima facie evidence of funds; and CRANCH, Chief Judge, and THRUSTON, Circuit Judge, were of opinion that the payment of the checks by the bank was also prima facie evidence that the apparent state of the funds upon the books justified the payment, and that it was incumbent on the plaintiffs to prove error in the account, upon the apparent balance of which the check was paid.

The plaintiffs then offered Mr. C. W. Forrest, (who was bookkeeper of the bank at the time,) and asked him whether, at the time a certain check for $1,900 was drawn, the account upon the leger showed a balance to that amount or more in favor of the defendant.

The witness objected to answer this question, because the bank had sued him upon his bond, intending to charge him with the balance of this account, so that he cannot answer, in one way, without charging himself.

THE COURT (nem. con.) refused to compel the witness to answer the question. Verdict for the defendant.